# EXHIBIT A

Robert H. Scott (USB #10981)
**AKERMAN LLP**
170 South Main Street, Suite 725
Salt Lake City, Utah 84101-1648
Telephone: 801.907.6900
Facsimile: 801.355.0294
Email: robert.scott@akerman.com

*Attorneys for Defendant All Hours Plumbing Drain Cleaning 24-7-365*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| JILL ADLER, individually and on behalf of all others similarly situated,,<br><br>    Plaintiff,<br><br>v.<br><br>ALL HOURS PLUMBING DRAIN CLEANING 24-7-365 LLC,<br><br>    Defendant. | **DEFENDANT ALL HOURS PLUMBING DRAIN CLEANING 24-7-365, LLC'S AMENDED ANSWER AND COUNTERCLAIM**<br><br><br>Case No. 2:21-cv-00141-DBP<br><br>Magistrate Judge Dustin B. Pead |

Defendant All Hours Plumbing Drain Cleaning 24-7-365, LLC (**All Hours Plumbing** or **Defendant**), for its answer and defense to the Complaint filed by Plaintiff Jill Alder, individually and on behalf of all others similarly situated, (**Adler** or **Plaintiff**), admits, denies, and states as follows below. Except as expressly admitted herein, All Hours Plumbing denies the allegations of Adler's Complaint.

**FIRST DEFENSE**

The Complaint fails to state a claim upon which relief may be granted against All Hours Plumbing.

## SECOND DEFENSE

In response to the individually numbered paragraphs of the Complaint, All Hours Plumbing admits, denies, avers, and/or responds as follows:

## NATURE OF THE ACTION

1. The allegations in paragraph 1 constitute a legal assertion to which no response is required. To the extent a response is required, All Hours Plumbing admits that Plaintiff alleges claims based on the Telephone Consumer Protection Act (**TCPA**). All Hours Plumbing denies that it violated the TCPA and denies any remaining allegations in paragraph 1.

2. Admit.

3. The allegations in paragraph 3 constitute a legal assertion to which no response is required. To the extent a response is required, All Hours Plumbing denies the allegations in paragraph 3.

4. All Hours Plumbing admits that Plaintiff seeks the relief described in paragraph 4. All Hours Plumbing denies that it has engaged in illegal conduct. All Hours Plumbing denies that it has engaged in conduct that has resulted in the invasion of privacy, harassment, aggravation, and disruption of the daily life of thousands of individuals. All Hours Plumbing denies that Plaintiff or the putative class has standing to seek injunctive relief. All Hours Plumbing denies that Plaintiff or the members of the putative class are entitled to statutory damages or other legal or equitable remedies. All Hours Plumbing denies any remaining allegations in paragraph 4.

## JURISDICTION AND VENUE

5. All Hours Plumbing admits that this court has federal question jurisdiction over

this action but denies that Plaintiff has standing under Article III of the United States Constitution. All Hours Plumbing denies any remaining allegations in paragraph 5.

6. All Hours Plumbing does not contest that this Court has personal jurisdiction over All Hours Plumbing or venue in this District. All Hours Plumbing admits that it conducts business activities in this District. All Hours Plumbing denies that it conducted an unauthorized marketing scheme. All Hours Plumbing further specifically denies that this Court has personal jurisdiction over all members of the putative class. All Hours Plumbing denies any remaining allegations in paragraph 6.

7. All Hours Plumbing denies initiating or directing unsolicited text messages to Plaintiff. All Hours Plumbing lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 7 and therefore denies the same.

## **PARTIES**

8. All Hours Plumbing lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 8 and therefore denies the same.

9. Admit.

10. The allegations in paragraph 10 do not constitute a factual assertion to which a response is required. To the extent the allegations in paragraph 10 constitute an allegation regarding All Hours Plumbing's legal relationship to other unidentified individuals and/or entities, the assertion constitutes a legal conclusion to which no response is required. All Hours Plumbing denies that it is liable for the actions of the unidentified individuals and/or entities. Plaintiff intends to reference in paragraph 10. All Hours Plumbing lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph

10 and therefore denies the same. In responding to the remaining allegations in the Complaint, All Hours Plumbing will not respond based on allegations that every allegation against All Hours Plumbing includes unidentified individuals and/or entities that Plaintiff believes are All Hours Plumbing's agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, vendors, and insurers of All Hours Plumbing.

## THE TCPA

11. The allegations in paragraph 11 constitute a legal assertion to which no response is required. To the extent a response is required, All Hours Plumbing denies the allegations in paragraph 11.

12. The allegations in paragraph 12 constitute a legal assertion to which no response is required. To the extent a response is required, All Hours Plumbing denies the allegations in paragraph 12.

13. The allegations in paragraph 13 constitute a legal assertion to which no response is required. To the extent a response is required, All Hours Plumbing denies the allegations in paragraph 13.

14. The allegations in paragraph 14 constitute a legal assertion to which no response is required. To the extent a response is required, All Hours Plumbing denies the allegations in paragraph 14.

15. The allegations in paragraph 15 constitute a legal assertion to which no response is required. To the extent a response is required, All Hours Plumbing denies the allegations in paragraph 15.

62824698;1

16. The allegations in paragraph 16 constitute a legal assertion to which no response is required. To the extent a response is required, All Hours Plumbing denies the allegations in paragraph 16.

17. The allegations in paragraph 17 constitute a legal assertion to which no response is required. To the extent a response is required, All Hours Plumbing denies the allegations in paragraph 17.

18. The allegations in paragraph 18 constitute a legal assertion to which no response is required. To the extent a response is required, All Hours Plumbing denies the allegations in paragraph 18.

19. The allegations in paragraph 19 constitute a legal assertion to which no response is required. To the extent a response is required, All Hours Plumbing denies the allegations in paragraph 19.

20. The allegations in paragraph 20 constitute a legal assertion to which no response is required. To the extent a response is required, All Hours Plumbing denies the allegations in paragraph 20.

21. The allegations in paragraph 21 constitute a legal assertion to which no response is required. To the extent a response is required, All Hours Plumbing denies the allegations in paragraph 21.

22. The allegations in paragraph 22 constitute a legal assertion to which no response is required. To the extent a response is required, All Hours Plumbing denies the allegations in paragraph 22.

## FACTS

23. All Hours Plumbing lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 23 and therefore denies the same.

24. The allegations in paragraph 24 constitute a legal assertion to which no response is required. To the extent a response is required, All Hours Plumbing lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 24 and therefore denies the same.

25. The allegations in paragraph 25 constitute a legal assertion to which no response is required. To the extent a response is required, Plaintiff has not asserted factual allegations regarding the alleged content of the alleged message. Accordingly, All Hours Plumbing lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 25 and therefore denies the same.

26. All Hours Plumbing lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 26 and therefore denies the same.

27. The allegations in paragraph 27 constitute a legal assertion regarding what constitutes express consent and express written consent to which no response is required. To the extent a response is required, All Hours Plumbing lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 27 and therefore denies the same.

28. Plaintiff has not asserted factual allegations regarding the alleged content of the alleged message that gives rise to her claims, making it impossible to compare "similarity" to other messages. Accordingly, All Hours Plumbing lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 28 and therefore denies the same.

29.     Deny.

## CLASS ALLEGATIONS

**PROPOSED CLASS**

30.     All Hours Plumbing admits that Plaintiff attempts to assert a class action. All Hours Plumbing denies that Plaintiff meets the requirements of Federal Rule of Civil Procedure All Hours Plumbing denies any remaining allegations in paragraph 30.

31.     All Hours Plumbing admits that Plaintiff attempts to assert a class. All Hours Plumbing denies that Plaintiff's proposed class can be certified under Federal Rule of Civil Procedure 23. All Hours Plumbing denies any remaining allegations in paragraph 31.

32.     All Hours Plumbing denies that Plaintiff has asserted a certifiable class or that Plaintiff can modify her proposed class through facts learned in investigation and discovery to assert a class that is certifiable under Federal Rule of Civil Procedure 23. All Hours Plumbing denies any remaining allegations in paragraph 34.

33.     All Hours Plumbing denies that Plaintiff can assert a certifiable class with several thousand members. All Hours Plumbing lacks knowledge or information sufficient to form a belief about the truth of any remaining allegations in paragraph 33 and therefore denies the same.

**NUMEROSITY**

34.     The allegations in paragraph 34 constitute a legal assertion regarding what constitutes prior express consent to which no response is required. To the extent a response is required to that allegation, All Hours Plumbing denies that allegation. All Hours Plumbing denies that Class members can include those alleged to have received automated calls because Plaintiff has not alleged a cause of action for automated calls. All Hours Plumbing denies that a

certifiable class exists with thousands of members. All Hours Plumbing denies that a certifiable class exists that is so numerous that joinder of all members is impracticable. All Hours Plumbing lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 34 and therefore denies the same.

35. All Hours Plumbing denies that identifying class members is a matter capable of ministerial determination from All Hours Plumbing's call records. All Hours Plumbing denies that records showing a phone number was called can indicate whether the call constituted a prerecorded message, the content of that message, or whether All Hours Plumbing had express consent. All Hours Plumbing lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 35 and therefore denies the same.

**COMMON QUESTIONS OF LAW AND FACT**

36. The allegations in paragraph 36 constitute a legal assertion to which no response is required. To the extent a response is required, All Hours Plumbing denies that questions of lawand fact common to putative class members would predominate over any questions affecting only individual members. All Hours Plumbing denies that the alleged questions set out in paragraph 36 are common to members of the putative class. All Hours Plumbing denies any remaining allegations in paragraph 36.

37. The allegations in paragraph 37 constitute a legal assertion to which no responseis required. To the extent a response is required, All Hours Plumbing denies the allegations in paragraph 37.

**TYPICALITY**

38. The allegations in paragraph 38 constitute a legal assertion to which no responseis

62824698;1

required. To the extent a response is required, All Hours Plumbing denies the allegations in paragraph 38.

**PROTECTING THE INTERESTS OF THE CLASS MEMBERS**

39. The allegations in paragraph 39 constitute a legal assertion to which no response is required. To the extent a response is required, All Hours Plumbing lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 39 and therefore denies the same.

**PROCEEDING VIA CLASS ACTION IS SUPERIOR AND ADVISABLE**

40. All Hours Plumbing denies that a class action is superior to other available methods for adjudication of this lawsuit. All Hours Plumbing denies that it has caused damages to members of the putative class in the aggregate of millions of dollars. All Hours Plumbing denies that it has caused any damage to any member of the putative class. All Hours Plumbing lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 40 and therefore denies the same.

41. All Hours Plumbing denies that Plaintiff has established Article III standing for herself or members of the putative class to seek injunctive relief. Accordingly, All Hours Plumbing denies that there is a potential for inconsistent or incompatible rulings. All Hours Plumbing denies that any individual action may be dispositive of interests of the putative class. All Hours Plumbing denies that any individual action could be dispositive of the interests of putative class members that are not parties to that action. All Hours Plumbing lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 41 and therefore denies the same.

## COUNT I

42. All Hours Plumbing re-alleges and incorporates the foregoing allegations as if fully set forth herein.

43. The allegations in paragraph 43 constitute a legal assertion to which no response is required. To the extent a response is required, All Hours Plumbing denies the allegations in paragraph 43.

44. All Hours Plumbing lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 44 and therefore denies the same.

45. All Hours Plumbing lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 44 and therefore denies the same.

46. Deny.

47. Deny.

48. Deny.

49. Deny.

## COUNT II

50. All Hours Plumbing re-alleges and incorporates the foregoing allegations as if fully set forth herein.

51. The allegations in paragraph 51 constitute a legal assertion to which no response is required. To the extent a response is required, All Hours Plumbing denies the allegations in paragraph 51.

52. The allegations in paragraph 52 constitute a legal assertion to which no response is required. To the extent a response is required, All Hours Plumbing denies the allegations in

paragraph 52.

53. All Hours Plumbing lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 53 and therefore denies the same.

54. The allegations in paragraph 54 constitute a legal assertion to which no response is required. To the extent a response is required, All Hours Plumbing denies the allegations in paragraph 54.

55. Deny.

56. Deny.

57. Deny.

## GENERAL DENIAL

All Hours Plumbing denies each and every allegation not expressly admitted herein.

## THIRD DEFENSE

The TCPA violates the First Amendment to the United States Constitution and is therefore unenforceable.

## FOURTH DEFENSE

Statutory damages under the TCPA constitute an excessive fine or penalty without substantive or procedural safeguards guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution.

## FIFTH DEFENSE

Statutory damages under the TCPA constitute an excessive fine in violation of the Eighth Amendment to the United States Constitution.

## SIXTH DEFENSE

Plaintiff and/or members of the putative class lack standing under Article III of the United States Constitution because Plaintiff and members of the putative class have not suffereda concrete or particularized harm to a legally protected interest that is fairly traceable to All Hours Plumbing's conduct.

## SEVENTH DEFENSE

Plaintiff and members of the putative class lack standing under Article III of the United States Constitution to seek injunctive relief because they have not suffered irreparable harm and there is no credible threat of future injury.

## EIGHTH DEFENSE

Plaintiff and members of the putative class have not suffered any damages.

## NINTH DEFENSE

Plaintiff and members of the putative class cannot recover damages to the extent they failed to mitigate their damages.

## TENTH DEFENSE

Plaintiff's claims and claims of the putative class are barred, in whole or in part, by the doctrines of setoff and/or recoupment.

## ELEVENTH DEFENSE

Plaintiff's claims and claims of the putative class are barred, in whole or in part, by the doctrine of unclean hands and by their own inequitable and/or fraudulent conduct.

## TWELFTH DEFENSE

Plaintiff's claims and claims of the putative class are barred, in whole or in part, by the doctrines of waiver, estoppel, release, consent, payment, license, and/or laches.

62824698;1

**THIRTEENTH DEFENSE**

Plaintiff's claims and claims of the putative class were filed outside the applicable limitations period and those claims are barred.

**FOURTEENTH DEFENSE**

Plaintiff and members of the putative class have failed to satisfy and/or exhaust the statutory, jurisdictional, or administrative perquisites for maintaining any of their claims and those claims are barred.

**FIFTEENTH DEFENSE**

Plaintiff and members of the putative class gave express consent for All Hours Plumbing to contact them with prerecorded messages.

**SIXTEENTH DEFENSE**

Plaintiff and members of the putative class gave express consent for All Hours Plumbingto contact them with prerecorded messages.

**SEVENTEENTH DEFENSE**

All Hours Plumbing acted in good faith and without malice.

**EIGHTEENTH DEFENSE**

All Hours Plumbing acted in good faith and without malice.

**NINETEENTH DEFENSE**

All Hours Plumbing did not knowingly or willfully violate the TCPA.

**TWENTIETH DEFENSE**

All Hours Plumbing acted in good faith and without malice.

**TWENTY-FIRST DEFENSE**

This Court lacks personal jurisdiction over members of the putative class.

**TWENTY-SECOND DEFENSE**

All Hours Plumbing has entered into agreements with individual members of the putative class resolving and releasing all claims against All Hours Plumbing, including those asserted in this putative class action.

**TWENTY-THIRD DEFENSE**

The putative class asserted in the Complaint is inappropriate for class certification because there is no ascertainable class.

**TWENTY-FOURTH DEFENSE**

The putative class asserted in the Complaint is inappropriate for class certificationbecause the class is not so numerous that joinder of all members is impracticable.

**TWENTY-FIFTH DEFENSE**

The putative class asserted in the Complaint is inappropriate for class certificationbecause common issues of law and fact do not predominate over individual issues.

**TWENTY-SIXTH DEFENSE**

The putative class asserted in the Complaint is inappropriate for class certification because there is no well-defined community of interest in or commonality between the questions of law and fact involved in this putative class action.

**TWENTY-SEVENTH DEFENSE**

The putative class asserted in the Complaint is inappropriate for class certification because any common questions of law are not subject to common answers as to the members of the putative class.

62824698;1

## TWENTY-EIGHTH DEFENSE

The putative class asserted in the Complaint is inappropriate for class certification because Plaintiff's claims are not typical of the claims of other members of the asserted putative class.

## TWENTY-NINTH DEFENSE

The putative class asserted in the Complaint is inappropriate for class certification because a class action is not superior to other methods for fairly and efficiently adjudicating this controversy.

## THIRTIETH DEFENSE

The putative class asserted in the Complaint is inappropriate for class certification because neither Plaintiff nor her counsel is able to fairly and adequately protect the interest of all members of the alleged putative class.

## THIRTY-FIRST DEFENSE

The putative class asserted in the Complaint is inappropriate for class certification because separate actions by individual class members would not create a risk of inconsistent adjudications with respect to individual class members that would establish incompatible standards of conduct for All Hours Plumbing.

## THIRTY-SECOND DEFENSE

The putative class asserted in the Complaint is inappropriate for class certification because separate actions by individual class members would not create a risk of adjudication with respect to individual class members that, as a practical matter, would be dispositive of the other members not party to the individual adjudication and would not substantially impair or impede the ability of non-parties to protect their interests.

15

## THIRTY-THIRD DEFENSE

The putative class asserted in the Complaint is inappropriate for class certification because All Hours Plumbing has not acted or refused to act on grounds that apply generally tothe putative class, and neither final injunctive relief nor corresponding declaratory relief is appropriate respecting the putative class as a whole.

## THIRTY-FOURTH DEFENSE

The putative class asserted in the Complaint is inappropriate for class certification because the questions of law or fact common to class members do not predominate over any questions affecting only individual members.

## THIRTY-FIFTH DEFENSE

The putative class asserted in the Complaint is inappropriate for class certificationbecause a class action is not superior to other available methods for fairly and efficiently adjudicating this controversy.

## THIRTY-SIXTH DEFENSE

All Hours Plumbing alleges that there may be additional defenses which are unknown at this time. All Hours Plumbing, therefore, reserves the right to amend its responses if additional defenses become known at a later date.

WHEREFORE, having fully responded, All Hours Plumbing requests that the Complaint against it be dismissed, that no class be certified, that it be awarded his reasonable attorneys' fees and costs, and that it be given such other relief as the Court deems appropriate.

## COUNTERCLAIM

The Counter-Plaintiff, All Hours Plumbing Drain Cleaning 24-7-365, LLC, brings this counterclaim against the Counter-Defendant Jill Adler for damages in *quntum meruit*.

## JURISDICTION, VENUE, AND PARTIES

1. This Court has supplemental jurisdiction over this claim under 28 U.S.C. § 1367 and original jurisdiction over the main action under 28 U.S.C. § 1331.

2. Venue is proper in this Court because the acts precipitating this claim occurred in its jurisdiction, and judicial economy favors keeping disputes stemming from the same nucleus of fact together.

3. All Hours is a Utah company based in Salt Lake City.

4. Adler is an individual residing in Utah.

## GENERAL ALLEGATIONS

5. Adler hired All Hours to perform furnace, HVAC, or other plumbing work beginning in 2019.

6. Adler claims that she received a call on All Hours' behalf at the end of February 2021 concerning furnace work.

7. In early March, Adler contacted All Hours to perform work on her furnace.

8. All Hours provided furnace services as requested, including making multiple trips to Adler's residence.

9. Adler did not pay All Hours for either trip to work on her furnace.

10. All pre-suit requirements have been satisfied or otherwise waived.

## Count I: Damages in *Quantum Meruit*

11. Adler received a benefit in having her furnace tuned up and repaired.

12. Adler had knowledge of the benefit she received when All Hours came to her residence the first time.

13. Adler had knowledge of the benefit she received when All Hours came to her residence subsequent times.

14. Adler did not compensate All Hours for the work.

15. Adler accepted the benefit of All Hours' work on her furnace and plumbing.

16. Under the circumstances, a reasonable person would know that it would be unjust to accept the benefit of the furnace and plumbing work without compensating the service provider, here All Hours.

17. All Hours is entitled to damages in *quantum meruit* in an amount it will prove at trial.

**WHEREFORE**, the Counter-Plaintiff, All Hours Plumbing Drain Cleaning 24-7-365, LLC, requests this Court:

A. Take jurisdiction of this counterclaim;

B. Enter judgment in favor of All Hours;

C. Award All Hours damages, including pre- and post-judgment interest as applicable; and

D. Award All Hours any further relief that this Court deems appropriate.

DATED this ____ day of _____, 2022.

                                              **AKERMAN LLP**

                                              By: */s/ Robert H. Scott*
                                                 Robert H. Scott
                                                 *Attorneys for Defendant All Hours Plumbing*
                                                 *Drain Cleaning 24-7-365*

## CERTIFICATE OF SERVICE

I hereby certify that on the ____ day of _____, 2022, I caused a true and correct copy of the foregoing **DEFENDANT ALL HOURS PLUMBING DRAIN CLEANING 24-7-365, LLC'S AMENDED ANSWER AND COUNTERCLAIM** to be filed via the Court's CM/ECF system which provided electronic notice of such filing to all persons registered to receive notice in this case.

*/s/ Robert H. Scott*