**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF UTAH**

| | |
|---|---|
| **JILL ADLER,**<br><br>**Plaintiffs,**<br><br>**vs.**<br><br>**ALL HOURS PLUMBING DRAIN CLEANING 24-7-365,**<br><br>**Defendant.** | **MEMORANDUM DECISION & ORDER**<br><br>**Case No. 2:21-cv-00141**<br><br>**Magistrate Judge Dustin B. Pead** |

Pursuant to the parties' consent, United States Magistrate Judge Dustin B. Pead is to conduct all proceedings in this matter, including entry of final judgment.[1] Currently pending, is Defendant All Hours Plumbing Drain Cleaning 24-7-365 ("Defendant" or "All Hours") Motion to Add Counterclaim ("Motion").[2] Plaintiff Jill Adler ("Plaintiff" or "Adler") objects to Defendant's Motion.[3]

Having considered the parties' briefing and the relevant legal authorities, the Court now rules as set forth herein.

---

[1] ECF No. 16; *see* 28 U.S.C. § 636(c); Fed. R. Civ. P. 73.

[2] ECF No. 41.

[3] ECF No. 44.

## BACKGROUND

On March 8, 2021, Adler filed her complaint alleging All Hours violated provisions of the Telephone Consumer Protection Act by sending prerecorded telemarketing messages without obtaining the requisite "prior express written consent."[4] In response, All Hours filed its Answer on April 16, 2021.[5] Defendant's Answer did not contain any counterclaims.[6] On April 28, 2021, the Court entered a Scheduling Order containing a deadline of July 6, 2021, for the parties to amend the pleadings.[7] An Amended Scheduling Order issued on December 13, 2021, but did not change the date by which the parties were required to amend the pleadings.[8]

On March 29, 2022, Defendant filed the pending Motion seeking to amend its Answer to include a counterclaim for damages in quantum meruit.[9]

## STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 16(b)(4), "the court may extend the deadlines in a scheduling order if the movant is able to demonstrate 'good cause' for that modification."[10] However, when a party seeks to extend the time to "perform 'any act' after the deadline has passed, the court may extend the deadline only upon a showing of good cause and that the failure to act was due to excusable neglect."[11]

---

[4] ECF No. 2; *see* 47 U.S.C. § 227(b)(1)(A).

[5] ECF No. 14.

[6] *Id.*

[7] ECF No. 18 at 2.

[8] ECF No. 22.

[9] ECF No. 41; ECF No. 41-1 at 17-18.

[10] *J. White, L.C. v. Wiseman*, 2020 U.S. Dist. LEXIS 133664 at *7 (D. Utah July 27, 2020).

[11] *Id.* (*citing* Fed. R. Civ. P. 6(b)(1)(B)).

In addition to Rule 16, a party seeking leave to amend must also satisfy the Rule 15(a) amendment standard.[12] The decision to grant or deny a party's request to amend is within the court's discretion.[13]

## DISCUSSION

All Hours seeks leave to amend its Answer to file a counterclaim for quantum meruit. Adler opposes the Motion and mounts two main challenges: (1) futility; and (2) bad faith.[14] Plaintiff also seeks sanctions against Defendant's counsel for refusing to withdraw the Motion which Adler asserts "has no basis in fact."[15]

Both Adler and All Hours focus their arguments on amendment under Federal Rule 15(a). However, because Defendant seeks amendment after the Scheduling Order deadline has expired, All Hours must satisfy both the good cause and excusable neglect requirements of Rule 16, in addition to the Rule 15 amendment requirements.[16]

---

[12] *Gorsuch, Ltd. B.C. v. Wells Fargo National Bank Association,* 771 F.3d 1230, 1240 (10th Cir. 2014); *see also Birch v. Polaris Indus.,* 812 F.3d 1238, 1247 (10th Cir. 2015) (both Federal Rule of Civil Procedure 15 and 16 govern a motion to amend the pleadings after the deadline for amendment has passed).

[13] *Sooner Products Co. v. McBride,* 708 F.2d 510, 512 (10th Cir. 1983) (citations omitted).

[14] ECF No. 44.

[15] *Id.*; *see* 28 U.S.C. § 1927.

[16] *See J. White, L.C.*, at *7; *see also SIL-FLO Inc. v. SFHC, Inc.,* 917 F.2d 1507, 1518 (10th Cir. 1990) (requiring a showing of good cause to add a counterclaim after amendment date passed).

**1. Rule 16(b)(4)**

Under Rule 16 "[a] schedule may be modified only for good cause and with the judge's consent."[17] A party seeking leave to amend the pleadings after the scheduling order deadline has passed must demonstrate "good cause and that the failure to act was due to excusable neglect."[18]

The "good cause" and "excusable neglect" factors are related. Specifically,

> [w]ithout attempting a rigid or all-encompassing definition of good cause it would appear to require *at least as much* as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice, and some showing of good faith on the part of the party seeking the enlargement *and* some reasonable basis for noncompliance within the time specified is normally required.[19]

**A. Good Cause**

Good cause requires "a greater showing than excusable neglect[.]"[20] The good cause inquiry focuses on the diligence of the party[21] and requires the movant to establish that the scheduling deadlines could not "be met despite [the movant's] diligent efforts."[22] In general, "carelessness is not compatible with a finding of diligence and offers no reason for a grant of

---

[17] Fed. R. Civ. P. 16(b)(4).

[18] *J. White, L.C.,* at *7 (*citing* Fed. R. Civ. P. 6(b)(1)(B)).

[19] *Broitman v. Kirkland (In re Kirkland)*, 86 F.3d 172, 175 (10th Cir. 1996) (emphasis added) (internal quotation omitted); *see also Putnam v. Morris,* 833 F.2d 903, 905 (10th Cir. 1987).

[20] *Id.*

[21] *Strope v. Collins,* 315 F. App'x 57, 61 (10th Cir. 2009).

[22] *Gorsuch*, 771 F.3d at 1240 (alteration in original) (*quoting Pumpco, Inc. v. Schenker Int'l, Inc.,* 204 F.R.D. 667, 668 (D. Colo. 2001)); *see also Masa v. State Farm Mutual Automobile Insurance Co.,* 2021 U.S. Dist. LEXIS 215259 at *5 (D. Colo. Nov. 8, 2021).

relief."[23] Further, the "bad faith of the movant, or the prejudice to the opposing party" is not relevant.[24] Examples of good cause include when the moving party "learns new information through discovery or [where] the underlying law has changed[.]"[25] It remains within the discretion of the court to determine whether the moving party has established good cause in any particular case.[26]

Here, the Court concludes that All Hours fails to establish good cause to amend the Scheduling Order after the time to do so has expired. Specifically, Defendant's Motion fails to address the fact that the July 6, 2021, amendment deadline has passed, describe what efforts were taken to meet the amendment deadline or engage in any sort of Rule 16 good cause analysis. Instead, under the general heading of "Timing," All Hours argues that the inquiry should focus on whether Plaintiff would be "prejudiced by the delay."[27] Although prejudice from delay is relevant to an excusable neglect analysis, prejudice is not specifically relevant to good cause.[28]

As set forth in conjunction with its argument on "Timing[,]" All Hours' raises the appearance of new counsel and new information gathered through discovery, as support for

---

[23] *Deghand v. Wal-Mart Stores, Inc.,* 904 F. Supp. 1218, 1221 (D. Kan. 1995) (citations omitted).

[24] *Id.*; *see also Tracy v. Youth Health Associates,* 2021 U.S. Dist. LEXIS 110051 at *3-4 (D. Utah June 9, 2021) (*citing Stevenson v. Salt Lake County,* 2014 U.S. Dist. LEXIS 63253 at *11 (D. Utah May 7, 2014) (absence of prejudice does not "constitute an affirmative showing of good cause to alter the schedule ordered by the court [and the movant must] show good faith . . . and some reasonable basis for not meeting that deadline")).

[25] *Gorsuch,* 771 F.3d at 1240.

[26] *See Birch*, 812 F.3d at 1249.

[27] ECF No. 41 at 2.

[28] *See Stevenson,* at *11.

amendment. Attorney Robert Scott entered his Notice of Appearance on behalf of Defendant on February 8, 2022,[29] Plaintiff's 30(b)(6) deposition took place on February 10, 2022,[30] and All Hours' Requests for Admission were served on March 18, 2022.[31] Yet viewing each of these dates through the lens of Defendant's diligence, the Court is unable to establish good cause.[32] Foremost in this conclusion is All Hours' failure to identify any specifics facts, or information discovered, that lead Defendant to file its Motion nearly nine months after the Scheduling Order deadline. For example, Defendant generally states that "[f]inally, [after] reviewing Alder's responses to All Hours' requests for admission (served March 18th) we have sufficient evidence and cause to file such a claim[,]"[33] But Defendant's statement neglects to indicate what specific evidence was obtained through the requests that ultimately supports good cause for amendment.[34] Indeed, without information addressing Defendant's diligence or identifying the specific and relevant evidence discovered, the Court cannot find good cause.

---

[29] ECF No. 27.

[30] ECF No. 44-2.

[31] ECF No. 41.

[32] *Colorado Visionary Acad. v. Medtronic, Inc.,* 194 F.R.D. 684, 687 (D. Colo. 2000) ("Rule 16(b) does not focus on the bad faith of the movant, or the prejudice to the opposing party. Rather, it focuses on the diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment") (*quoting Dilmar Oil Co., Inc. v. Federated Mut. Ins. Co.,* 986 F. Supp. 959, 980 (Dist. S.C. 1997), aff'd 129 F.3d 116 (4th Cir. 1997)).

[33] ECF No. 41 at 2.

[34] *See e.g., Pumpco, Inc., the Concrete Pumping Co. v. Schenker Int'l Inc.,* 204 F.R.D. 667, 668 (D. Colo. 2001) (good cause to amend scheduling order found where movant learned of *and specifically identified* the information obtained through discovery that was necessary for assertion of a claim after the scheduling order deadline to amend had expired) (emphasis added).

**B. Excusable Neglect**

Because "good cause requires a greater showing than excusable neglect,"[35] the Court need not conduct an excusable neglect nor a Rule 15 futility analysis.[36]

Nonetheless, as an alternative ground for denying All Hours' Motion, the Court briefly notes that the reason for delay, an important factor under the excusable neglect analysis, suffers from the same challenges raised in connection with this Court's examination of good cause. Thus, while All Hours cites, as support for excusable neglect, counsel's evaluation of the case, Plaintiff's 30(b)(6) deposition and Plaintiff's answers to request for admission, Defendant again fails to identify the specific information unearthed that "excusably" resulted in its Motion being filed nearly nine months after the amendment deadline had expired.

Accordingly, because Defendant fails to point to specific support for the delay in bringing its Motion, the Court is unable to find delay or its impact on Adler as a factor in favor of excusable neglect.

**C. Sanctions**

As a final issue, Plaintiff seeks sanctions against All Hours and its counsel for refusing to withdraw their Motion. Adler contends the Motion is a subterfuge for thwarting class

---

[35] *Broitman,* 86 F.3d at 175 (internal citation omitted).

[36] *J. White, L.C.,* at *10; *see also Gorsuch,* 771 F.3d at 1242 ("Having concluded [movants] lacked good cause to amend their pleadings after the scheduling order deadline, we need not reach the Rule 15(a) issue and decline to do so."); *Pumpco, Inc.,* 204 F.R.D. at 668 (After satisfaction of Rule 16(b)(4) movant "must then pass the requirements for amendment under Rule 15(a)").

certification and was filed in bad faith "for the improper motive of harassing Plaintiff and gaining a litigation advantage."[37]

An attorney who "so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."[38] Here, the Court is unable to conclude that Defendant or its counsel, to this point, has unreasonably or vexatiously multiplied the proceedings. Indeed, the arguments offered in support of sanctions would require the Court to delve into the substance of the underlying allegations surrounding the validity of the parties' "Service Agreement," the date of the Agreement's expiration, payment under the terms of the Agreement and each party's respective knowledge of the Agreement's terms.

These are fact specific inquiries that the Court declines to engage in at this juncture and, as a result, Plaintiff's request for sanctions against All Hours and its counsel is denied.

---

[37] ECF No. 44 at 9. Pursuant to local rule DUCivR 7-1, Plaintiff improperly brings her request for sanctions in her Response to Defendant's Motion. *See* DUCivR 7-1(a)(3).

[38] 28 U.S.C. § 1927; *see also Snyder v. Acord Corp.,* 811 F. Appx. 447, 465 (10th Cir. 2020).

**CONCLUSION**

Because All Hours fails to establish good cause for amendment under Rule 16(b)(4), Defendant's Motion for Leave to File Counterclaim is DENIED.[39] Plaintiff's request for sanctions against Defendant and Defendant's counsel is also DENIED.

DATED: June 9, 2022.

BY THE COURT:

______________________________

Dustin B. Pead
U.S. Magistrate Judge

[39] ECF No. 41.